JUDGE PETERS
delivered the opihion oe the court:
In 1856 Howard leased an unimproved • lot in' the city of Louisville, for ten years, from Dr. Johnson and others, and bound himself to erect a brick building on it, and Johnson, &c., were to pay him the value of the building at the end of the term. Norwood, a mechanic, under a contract with Howard, constructed a building on said lot, and, on the 3rd of May, 1858, had a lien on said house for the construction thereof. Johnson, &c. also claimed to have a lien on the property, for a considerable amount due them for-rent. On the last named day Duvall & Co. and J. Watson, being judgment creditors of Howard, caused executions to issue on their judgments and had them levied on the leasehold estate, which was sold, and Buford became the purchaser, who afterwards sold his interest, acquired by his said purchase, to appellant. Appellees, creditors of Howard, brought this suit against Brown and others to subject the property to the payment of their debts.
The only material question raised by this record is, had Howard created a bona fide incumbrance on the property, before the executions, under which Buford purchased, had been levied upon it, so as to bring his purchase within the operation of chap. 36, art. 15, page 488, 1 vol. Rev. Statutes? By an act, approved 22d Oct., 1831, it is declared that carpenters, joiners, brick-and stone-masons, plasterers, tinners, painters, brick-makers, lumber merchants, and all other persons performing labor, or furnishing materials, for the construction or repair of any building within the city of Louisville, shall and may have a joint lien upon the buildings they may be employed to construct or repair, or for which they may furnish materials, to the extent of labor done or materials furnished, &c. (3 vol. old Dig. Stat. Law, 409.)
Debtsj owing to mechanics for the construction or repairing of houses in the city of Louisville, are favored by the law, and *318 a preference is given to them over other debts of the owners of the propei’ty, to the extent of the value of the property improved which has not been previously incumbered.
By causing the house to be erected, Howard created a lien, or a bona fide incumbrance, upon it, in favor of the mechanic who constructed said house, for the amount due him therefor, available and enforceable by the statute supra, and is an in-cumbrance within the meaning oí chap. 36, art. 15, of the Revised Statutes. And, as this incumbrance on the property was created before a lien was created by the executions of Duvall & Co. and J. Watson on the same property, the purchaser at the sale under said executions, and his vendee, only acquired a lien on the property for the purchase money and interest, after the rate of ten per centum per annum from the day of sale till paid.
Appellees instituted this suit under sec. 2, chap. 36, art. 15, of Rev. Statutes, supra, before the purchaser had by suit removed the incumbrance.
It is true the property was not levied upon and sold as incumbered property, and, since the sale, Brown has removed the incumbrance which was upon it; but he did not thereby acquire an absolute title to it; his rights are not determined by the character of the levy or the manner of making the sale, but by the character of estate the defendant in the execution had in the property sold. If he had, by mortgage, deed of trust, or otherwise, created a bona fide incumbrance upon it before the execution under which it was sold had created a lien on it, all that Buford or his assignee acquired by his purchase was a lien on the property for his purchase money, with interest at the rate of ten per centum per annum from the day of sale till paid; and this is the only right which can be acquired under such a purchase. (Forrest vs. Phillips, &c., 2 Met. Ky. R., 194.).
Appellant, having sold the property to Wellman before ap-pellees bi’ought their suit, the chancellor permitted the sale to stand, and rendered a personal decree against him, which was *319 not prejudicial to appellant; and, as his decree in all other respects conforms to the views herein expressed, the same is affirmed.